## Dobbin's Estate.

*Legacies—Interest on general legacy to life-tenant of residue.*

Where the widow, as equitable life-tenant of the general residuary estate, has been in receipt of all the income of the estate from the date of testator's death, she is not entitled to interest on a general legacy for the time elapsing between the expiration of the year from the death and the date of payment by having the interest charged against the *corpus* of the residuary estate.

Exceptions to adjudication.  O. C. Phila. Co., April T., 1921, No. 464.

The facts appear from the following extract from the adjudication of Judge Henderson:

"The testator died on Jan. 11, 1917, leaving a will, dated Jan. 25, 1915, duly admitted to probate, upon which letters testamentary issued to the accountant on July 5, 1917. . . .

"By his will the decedent gave his widow a legacy of $10,000, and another legacy, clear of tax, to Edward Hampton of $500. He then gave the remainder of his estate, including therein and mingling therewith the share of his father's estate over which he had a power of appointment, to the trustees therein named, to pay the income to his widow for life, with remainder over upon her death as therein set forth. At the time of his death his estate consisted of personalty of $71, premises No. 3803 Locust Street and No. 11 North 20th Street, and a share of his father's estate which, by reason of complications, was only settled last June.

"The widow continued to occupy No. 3803 Locust Street until it was sold and settlement made therefor in August, 1920, meanwhile she paying the

taxes, charges on the property. The widow has received down to date the entire income from the estate, including the use of the Locust Street property and the accrued income from the trust estate coming from testator's father. She now claims her legacy of $10,000 and interest at 6 per cent. from Jan. 11, 1918. The question submitted for my decision is, may she take the income on the residuary estate and have the interest on her legacy and the interest on that of $500 to Edward Hampton paid from the principal account?

"It appears from the attached stipulation of counsel governing the facts that the debits and credits from the assets of this estate were as follows:

No. 11 North 20th Street:

| | | |
|---|---:|---:|
| Rent received | $3682.00 | |
| Charges paid | 2207.02 | |
| Net receipts | | $1474.98 |

No. 3803 Locust Street:

| | | |
|---|---:|---:|
| Rental value | | $3925.00 | |
| Taxes, water rent, repairs | $1713.88 | |
| Interest on judgment | 647.50 | |
| Interest on mortgage | 1295.00 | |
| | | 3656.38 |
| | | 268.62 |

Income from Estate of James Dobbin:

| | | |
|---|---:|---:|
| 1917 to 1920, received | $5006.55 | |
| 1921, due but not received | 1927.60 | |
| | | 6934.15 |
| Income from securities shown in account | $368.50 | |
| Income from securities shown in supplemental account | 443.78 | |
| Income accrued from date of supplemental account | 93.75 | |
| | | 906.03 |
| Total | | $9583.78 |

"From the stipulation it further appears that the Locust Street property at the time of the decedent's death was worth $13,000, whereas by holding it and carrying it until August, 1920, it has been sold at $22,000, an increase of $9500.

"I find no case exactly like this one, but the principles to be applied seem clear. Interest on legacies is due after one year from the date of the death. Had this widow and accountant pressed for a sale of the Locust Street property at that time, it undoubtedly could have been made, but, as will be seen, at a loss to the estate, and comparatively little would have been derived from it at that time, owing to the fact that it was largely encumbered with a mortgage and judgment. Theoretically, the share coming from the decedent's father's estate was payable at the time of his death, and if it had been paid over at that time, these legacies, aggregating $10,500, could have been promptly paid therefrom. It turned out, however, that the estate was in litigation, and upon the termination thereof and the adjudication upon the account of the executors, the principal sum was awarded to the trustees under the will of this decedent direct, provided it was not required in the settlement of the executrix's account. In the meanwhile, the entire income therefrom was being paid to the widow of Robert F. Dobbin and his executrix. This income including that for 1921, accrued but not yet paid, amounts to $9583.78. In

1 D. & C.

### Dobbin's Estate.

other words, $10,500 of this trust fund which, if it had been in hand one year after the death, would have satisfied these two legacies. This payment, however, has been postponed, and in such postponement the income has accrued, and the income arising from this sum of $10,500 has been received and claimed by the widow by virtue of her life tenancy of the estate in remainder. In other words, she has gotten the income from this sum of $10,500, and now asks that the interest which is due her on her $10,000 legacy and the interest due Edward Hampton on his legacy of $500 shall be paid out of principal.

"I do not agree with this contention. It is unsound, in that the widow is only entitled to the income on what remains after the payment of the debts and the two legacies. The legacies in this estate are prior claims and are to be met before the residuary estate is ascertained. They bear a close analogy to mortgages, the interest on which must be kept down by the life-tenant. See Ward's Estate, 3 Pa. C. C. Reps. 224, and Neide's Estate, 22 Dist. R. 563.

"Counsel for the widow has asked me to consider whether I could not award the interest out of the profit derived from the sale of the Locust Street property. It may appeal to him that such a claim can be fairly made, but he is unable to support his claim with any equitable principle, and, after considering this request, I am free to state I have been unable to find any equitable principle which could be applied in support of this suggestion."

*William P. Davis, Jr.,* for exceptant; *Edward Hopkinson, Jr.,* contra.

GEST, J., March 31, 1922.—It seems clear to us that the widow as legatee is not entitled to claim interest on her legacy from the principal or *corpus* of the estate, the income of which she has enjoyed since the death of the testator, and which far exceeded the amount of the interest accrued upon the legacy. In addition to Ward's Estate, 3 Pa. C. C. Reps. 224, and Neide's Estate, 22 Dist. R. 563, cited by the auditing judge, we may refer to Bateman's Estate, 21 Dist. R. 475, where a similar question was decided by this court on the same principle.

The exceptions are dismissed and the adjudication is confirmed absolutely